**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JANET C. PACKARD, ET AL.,**

        **Plaintiffs,**

**v.**                                  **CIVIL ACTION NO. 1:18CV04**
                                              **(Judge Keeley)**

**ANTERO RESOURCES CORPORATION,
a Delaware corporation,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 21] AND
DISMISSING THE AMENDED COMPLAINT WITH PREJUDICE [DKT. NO. 20]**

In this consolidated breach of contract case, the plaintiffs, Janet C. Packard, Leroy Packard, Garnet C. Cottrill, and Marlyn C. Sigmon ("the Plaintiffs"), allege in their Amended Complaint that the defendant, Antero Resources Corporation ("Antero"), has breached certain lease agreements and violated its duty to act in good faith by pooling the Plaintiffs' mineral interests through the use of a horizontal well (Dkt. No. 20). Antero has moved to dismiss the Amended Complaint contending, among other things, that the Plaintiffs' reformed deeds are subject to the pooling modifications that were executed in 2012 (Dkt. Nos. 21, 22). Alternatively, it submits that the reformed deeds do not apply retroactively against it because, under West Virginia law, it is a third party whose rights will be affected (Dkt. No. 22). Because Antero's first argument disposes of the matter in its entirety, the Court **GRANTS**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 21] AND
DISMISSING THE AMENDED COMPLAINT WITH PREJUDICE [DKT. NO. 20]**

Antero's motion (Dkt. No. 21) and **DISMISSES** the Amended Complaint

**WITH PREJUDICE.**

## I. BACKGROUND

### A.    The Amended Complaint[1]

In their Amended Complaint, the Plaintiffs allege that they

own mineral interests in real property subject to three oil and gas

leases. These include one tract containing 50.82 acres in Union

District, Harrison County, West Virginia, two tracts containing 6.5

and 104.75 acres in Union District, Harrison County, West Virginia,

and one tract containing 54.18 acres in Union District, Harrison

County, West Virginia ("the Subject Property") (Dkt. No. 20 at 1-

13).[2] When the Plaintiffs inherited their interests in these tracts

in 1987, those interests were subject to three oil and gas leases

("the Subject Leases").[3] Id. at 2, 5, 10. Allegedly, the Subject

Leases "did not provide authority for pooling or unitization." Id.

at 13.

---

[1] The facts are taken from the Amended Complaint and, as they must be, are
construed in the light most favorable to the plaintiffs. See De'Lonta v. Johnson,
708 F.3d 520, 524 (4th Cir. 2013).

[2] Unless otherwise noted, citations to docket entries in this Memorandum
Opinion and Order refer to the lead case: Civil Action No. 1:18cv4.

[3] Although the Amended Complaint does not explain how Janet Packard's
husband, Leroy Packard, obtained his interest in the mineral interests at issue
here, it has no impact on the Court's analysis.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 21] AND
DISMISSING THE AMENDED COMPLAINT WITH PREJUDICE [DKT. NO. 20]**

Later, in 1989, the Plaintiffs conveyed their interests in the 50.82-acre tract, the 6.5- and 104.75-acre tracts, and the 54.18-acre tract to Gerald W. Corder, Roger M. Corder, and Randall N. Corder ("the Corders"), respectively ("the 1989 Deeds"). Id. at 2, 5-6, 10-11. The Plaintiffs concede that all three conveyances "failed to reserve an undivided interest in the oil and gas to the grantors," which they describe as a "scrivenor's error." Id. at 2, 6, 11. Although the 1989 Deeds failed to reserve their mineral interests, the Plaintiffs allege that the property tax on their mineral interests has been assessed and paid since at least 2004, making them "of record." Id. at 4, 8-9, 12-13. These tax tickets are attached to the Amended Complaint as Exhibit 2 (Dkt. No. 20-2).

While the property taxes were being assessed and paid, Antero acquired the Subject Leases in 2010 and 2012 (Dkt. No. 20 at 3, 6, 11).[4] After acquiring these leases, Antero had the Corders execute three oil and gas lease modifications that purportedly gave Antero the express right to "pool" the underlying mineral interests ("the Pooling Modifications") (Dkt. No. 20-1).

---

[4] Although the Amended Complaint alleges that Antero acquired the Subject Leases in 2010 and 2012, Antero submits that it became the assignee of the Subject Leases in 2008 and 2010 (Dkt. No. 22 at 3).

MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 21] AND
DISMISSING THE AMENDED COMPLAINT WITH PREJUDICE [DKT. NO. 20]

Nearly two years later, in 2014, the Plaintiffs and others filed suit in the Circuit Court of Harrison County, West Virginia, to reform the 1989 Deeds to include their previously omitted reservation of mineral interests (Dkt. No. 20 at 2-3, 6, 11, 13-14). Soon after filing suit, the Plaintiffs and others filed a "Notice of Lis Pendens" in the Office of the Clerk of Harrison County, West Virginia, to put others on notice that litigation was pending and that they claimed mineral interests under the 1989 Deeds (Dkt. No. 20-5). After their state court action succeeded (Dkt. No. 20-7), the parties executed reformed deeds, which were recorded in 2016 ("the Reformed Deeds") (Dkt. Nos. 20 at 3-4, 6-8, 11-12; 22-3). The Reformed Deeds establish that the Plaintiffs and others retained their respective mineral interests in the 1989 Deeds. Id.

Even though the Subject Leases do not expressly grant the right to pool or unitize, the Plaintiffs allege that Antero has drilled horizontal wells through each of the tracts at issue, produced minerals from the oil and gas estate, and pooled their gas with the gas of others (Dkt. No. 20 at 15-17). Accordingly, the Amended Complaint asserts a claim for breach of contract. Id. at 16-17.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 21] AND
DISMISSING THE AMENDED COMPLAINT WITH PREJUDICE [DKT. NO. 20]**

## B.  Procedural History

The plaintiffs filed these actions in December 2017 in the
Circuit Court of Harrison County, West Virginia (Dkt. No. 1-1).
Antero timely removed them to this Court based on diversity
jurisdiction (Dkt. No. 1). After Antero moved to dismiss each of
the complaints (Dkt. No. 6), the Court held a scheduling conference
during which it consolidated the cases and granted in part and
denied in part Antero's motions (Dkt. Nos. 18, 19). Later, the
Court issued a Memorandum Opinion explaining its decision, and
expressly declining to address Antero's argument that it had the
right to pool under the Pooling Modifications because the parties
had not addressed what effect, if any, the Reformed Deeds had on
these modifications (Dkt. No. 23 at 15). The Plaintiffs responded
by filing an Amended Complaint alleging the instant breach of
contract claim (Dkt. No. 20). Now pending is Antero's motion to
dismiss the Amended Complaint, which is fully briefed and ripe for
review (Dkt. No. 21).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to
move for dismissal on the grounds that a complaint does not "state
a claim upon which relief can be granted." When reviewing the

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 21] AND
DISMISSING THE AMENDED COMPLAINT WITH PREJUDICE [DKT. NO. 20]**

sufficiency of a complaint, a district court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In order to be sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 n.7 (quoting Twombly, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 21] AND
DISMISSING THE AMENDED COMPLAINT WITH PREJUDICE [DKT. NO. 20]**

the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992).

When deciding the motion, the Court need not confine its inquiry to the complaint; it may also consider "documents incorporated into the complaint by reference." <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

### III. DISCUSSION

Antero contends that the Amended Complaint fails to state a claim for breach of contract because it has not breached or violated its duties under the Subject Leases (Dkt. No. 22 at 8). According to Antero, it has the authority to pool the Subject Property under the Pooling Modifications. <u>Id.</u> And according to the plain language of the Plaintiffs' Reformed Deeds, those deeds are "subject to" the Pooling Modifications. <u>Id.</u>

In response, the Plaintiffs principally argue that Antero was not a "bonafide purchaser" because it had actual or constructive notice of their mineral interests before executing the Pooling Modifications (Dkt. No. 24 at 10). Thus, they argue that the Reformed Deeds relate back to the original date of the 1989 Deeds.

Id. at 10-13. Addressing Antero's plain language argument more specifically, the Plaintiffs contend that the Reformed Deeds explicitly relate back to the date of the 1989 Deeds. Id. at 13-14. And because they relate back, the Plaintiffs insist that they are not subject to pooling modifications executed by others.[5] Id. at 14-15.

The Reformed Deeds include the following two clauses:

> By executing this Deed of Reformation, GRANTOR and GRANTEES thereby acknowledge that this deed complies with th November 3, 2015 court order referenced herein. GRANTOR and GRANTEES each hereby further acknowledge and agree that as a result of the execution of this Deed of Reformation, GRANTOR and each of the GRANTEES own the undivided interest in the oil and gas estates of the tracts subject to this deed as set forth herein as of September 5, 1989.

> This conveyance is made <u>subject</u> to all other exceptions, reservations, restrictions, conditions, covenants, easements, rights of way or other servitudes, if any, made, retained or vested in prior instruments of record in the chain of title to the real estate herein conveyed, <u>insofar as the same are valid and in effect</u>.

(Dkt. No. 22-3 at 5, 17, 29-30) (emphasis added).

---

[5] The Plaintiffs also argue that the Subject Leases do not expressly or implicitly provide for pooling (Dkt. No. 24 at 15-16), but both arguments are not relevant to whether the Reformed Deeds are "subject to" the Pooling Modifications.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 21] AND
DISMISSING THE AMENDED COMPLAINT WITH PREJUDICE [DKT. NO. 20]**

In West Virginia, it is well settled that contracts must be read in their entirety. Wood v. Sterling Drilling & Prod. Co., Inc., 422 S.E.2d 509, 511 (W. Va. 1992). Indeed, contracts "must be considered and construed as a whole, giving effect, if possible, to all parts of the instrument. Accordingly, specific words or clauses of an agreement are not to be treated as meaningless, or to be discarded, if any reasonable meaning can be given them consistent with the whole contract." Syl. Pt. 3, Moore v. Johnson Serv. Co., 219 S.E.2d 315 (1975); see also W. Va. Dep't of Highways v. Farmer, 226 S.E.2d 717, 719 (W. Va. 1976) ("It has long been held that where language in a deed is unambiguous there is no need for construction and it is the duty of the court to give to every word its usual meaning.").

Here, that task is not difficult. Reading these two clauses together, it is clear that, although the Reformed Deeds relate back to the date of the 1989 Deeds, they are "subject to" any servitudes that are recorded in the chain of title, "insofar as the same are valid and in effect." The relevant question, then, is whether the Pooling Modifications, which were recorded in the chains of title (Dkt. No. 20-1), are indeed valid and in effect.

9

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 21] AND DISMISSING THE AMENDED COMPLAINT WITH PREJUDICE [DKT. NO. 20]

The Plaintiffs submit that the Pooling Modifications are neither valid nor in effect because Antero was not a "bonafide purchaser" when it executed the Pooling Modifications in 2012 (Dkt. No. 24 at 14). This is so because Antero ostensibly had actual or constructive knowledge of their mineral interests at that time. Id. at 8-10, 15 n.6. On the other hand, Antero contends that the Plaintiffs' bonafide purchaser argument is irrelevant for two reasons (Dkt. No. 6-7).

First, the bonafide purchaser doctrine only applies to interests in "real property," and "[p]ooling mineral interests does not create 'an interest in real property.'" Id. at 7. Rather, "'pooling results in a consolidation of contractual and financial interests regarding the drilling and production of oil and gas from the combined parcels of land.'" Id. (emphasis omitted) (quoting Syl. Pt. 1, Gastar Exploration, Inc. v. Contraguerro, 800 S.E.2d 891 (W. Va. 2017)). Next, the bonafide purchaser doctrine does not extend to reformed deeds, which are governed by whether the rights of intervening third parties will be affected. Id. at 8 (citing Durbin v. McElroy Coal Co., No. 17-0289, 2018 WL 1721898, at *3 (W. Va. Apr. 9, 2018)). The Court need only address Antero's first argument to dispose of this issue.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 21] AND
DISMISSING THE AMENDED COMPLAINT WITH PREJUDICE [DKT. NO. 20]**

Under West Virginia law, "[a] bona fide purchaser is one who actually purchases in good faith." Syl. Pt. 1, <u>Kyger v. Depue</u>, 6 W. Va. 288 (1873) (emphasis omitted). In other words, "a bona fide purchaser of land is 'one who purchases for a valuable consideration, paid or parted with, without notice of any suspicious circumstances to put him on inquiry.'" <u>Subcarrier Commc'ns, Inc. V. Nield</u>, 624 S.E.2d 729, 737 (W. Va. 2005) (quoting <u>Stickley v. Thorn</u>, 106 S.E. 240, 242 (W. Va. 1921)). "This rule protects good faith purchasers who conduct due diligence prior to purchasing an interest in real property." <u>Trans Energy, Inc. v. EQT Prod. Co.</u>, 743 F.3d 895, 904 (4th Cir. 2014) (citing <u>Gullett v. Burton</u>, 345 S.E.2d 323, 327 (W. Va. 1986)).

To determine whether the bonafide purchaser doctrine applies here, the Court must determine whether the Pooling Modifications created an interest in real property. In <u>Gastar Exploration</u>, the Supreme Court of Appeals of West Virginia considered whether a lease's pooling provision was dependent upon the consent and ratification of nonparticipating royalty interests. 800 S.E.2d at 898. To answer that question, the Supreme Court considered whether to apply a "cross-conveyance theory" or a "contract theory." <u>Id.</u> at 899. Under the latter theory, "pooling results in a consolidation

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 21] AND**
**DISMISSING THE AMENDED COMPLAINT WITH PREJUDICE [DKT. NO. 20]**

of contractual and financial interests regarding oil and gas production from the combined parcels of land. Joint or undivided ownership interests in oil and gas rights are <u>not</u> created." <u>Id.</u> (emphasis added). Finding that West Virginia is a contract theory state, the Supreme Court rejected the alternative theory and confirmed that "pooling results in a consolidation of contractual and financial interests regarding the drilling and production of oil and gas from the combined parcels of land." <u>Id.</u> at 901.

Based on the holding in <u>Gastar Exploration</u>, the Court concludes that the Pooling Modifications at issue here did not create an interest in real property, but rather consolidated "contractual and financial interests regarding the drilling and production of oil and gas" under the Subject Property. 800 S.E.2d at 901. And because the Pooling Modifications did not create an interest in real property, the bonafide purchaser doctrine does not apply. <u>See</u> <u>Trans Energy, Inc.</u>, 743 F.3d at 904 (citing <u>Gullett</u>, 345 S.E.2d at 327). Critically, the Plaintiffs have neither alleged nor argued that the Pooling Modifications are not valid or in effect for any other reason (Dkt. No. 24 at 13-14). Accordingly, the Court concludes that the  plain language of the Reformed Deeds subjects

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS THE AMENDED COMPLAINT [DKT. NO. 21] AND
DISMISSING THE AMENDED COMPLAINT WITH PREJUDICE [DKT. NO. 20]**

them to the Pooling Modifications because those modifications are valid and in effect.

In sum, the Court concludes that the Amended Complaint fails to state a claim for breach of contract because the Pooling Modifications give Antero the right to pool oil and gas under the Subject Leases.

## IV. CONCLUSION

For these reasons, the Court **GRANTS** Antero's Motion to Dismiss the Amended Complaint (Dkt. No. 21), **DISMISSES** this civil action **WITH PREJUDICE,** and **ORDERS** that it be terminated from the active docket.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: March 18, 2019.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE